WARREN VS. WERNER, Treasurer of the town of Prairie du Sac, and others.

Due service by the assessor of a town, of the notice required by section 31, chapter 386, Laws of 1860, upon a person who was at the time of such service a resident of said town, fixed the liability of such person to pay taxes in that town upon all his personal property other than merchants' and manufacturers' stock; and a subsequent removal of such person to another town within the ten days allowed him by law for listing his personal property subject to taxation, and before such property was actually listed, did not relieve him from this liability.

APPEAL from the Circuit Court for *Sauk* County.

This was an action against the treasurer of the town of Prairie du Sac, in Sauk county, the supervisors of said county and others, for a perpetual injunction against the collection of a certain tax assessed against the plaintiff. The

facts, as they appear from the pleadings and the admissions
of the attorneys, are substantially as follows: On the 7th of
May, 1860, the assessor of said town of Prairie du Sac left
with the plaintiff, who was then and had long been a resi-
dent of that town, a notice in the usual form, requiring him
to make out and hold in readiness to deliver to such asses-
sor after ten days from that date, a statement of the personal
property which the plaintiff was required by law to list for
taxation; and this notice was accompanied by the usual
blank form for such statement. On the 15th of the same
month, the plaintiff, who was an unmarried man, commenced
taking his meals and sleeping regularly at the house of his
brother in the town of Roxbury in Dane county, which he
claims as the place of his residence, though he continued to
have his office and transact business in said town of Prairie
du Sac. On or after the 17th of May, 1860, the plaintiff
listed in said town of Prairie du Sac merchandise to the
value of $254, and offered to swear to the statement thus
made, but refused to list his "moneys and credits," or
"other articles of personal property" in that town. The as-
sessor of that town added to this statement an item of
$40,000 of "moneys and credits," and returned the same as
required by law. On the 19th of May, the plaintiff listed
personal property to the amount of $27,857 in the said town
of Roxbury in Dane county, on which he subsequently
paid the amount of tax levied thereon for that year. The
object of this action was to restrain the collection of the tax
upon the sum of $40,000 of "moneys and credits" assessed
against the plaintiff in the town of Prairie du Sac, as afore-
said.

On the trial, the circuit court rendered judgment for the
defendants.

*Abbott, Gregory, Pinney & Flower,* for appellant:

Section 5, chap. 386, laws of 1860, provides that mer-
chants' and manufacturers' stock shall be listed and taxed in
the town or ward *in which it is situated at the time of listing,*
but all other personal property shall be listed and taxed in
the town or ward in which the person charged with the tax
*resides at the time such property is listed.* By section 31 the

*June Term, 1861.*

WARREN
v.
WERNER et al.

assessor in each town has until the 20th of May in each year " to leave *with each person residing in the town, city or ward,* of full age &c., at the office or usual place of residence of such person, a written or printed notice," &c. *Warren* changed his residence on the 15th of May, 1860, and hence it was the duty of the assessor in the town of Roxbury to leave a notice with him to make out a list of his property, and he did so. Section 31 gives the party receiving such notice ten days in which to make the list; and we submit that within that ten days he may change his residence, and return the list with the affidavit mentioned in section 11, or with the merchants' and manufacturers' stock which he has left behind, duly sworn to, and the transaction is unobjectionable, and he does not become liable to the penalty mentioned in section 42.

*Smith & Keyes*, for respondents:

The duty of a resident of any town to make out the list of his taxable property attaches, under the law, when the notice to that effect is left with him by the assessor. It is a kind of process served upon him, and he can no more evade the responsibility thus imposed upon him by removing from the town, than he could evade the legal effect of a summons issued out of a court by removing from the jurisdiction after service. *Warren's* liability was therefore fixed by the leaving of the notice with him on the 7th of May.

December 11  *By the Court,* COLE, J. We are of the opinion that the judgment of the circuit court in this case is strictly correct, and must be affirmed.

It is conceded that the appellant was a resident of the town of Prairie du Sac on the 7th of May, 1860, when the assessor of that town left with him the blank and notice requiring him to list his property for taxation. This notice fixed his liability to pay his taxes in that town, and he could not avoid that liability by removing out of the town. It is somewhat analogous to the service of process in a judicial proceeding, which draws after it jurisdiction over the person of the defendant. Our revenue law provides that all personal property, except merchants' and manufacturers' stock,

shall be listed and taxed in the town or ward in which the person charged with the tax thereon resided at the time such property was listed. (Sec. 5, chap. 386, Laws of 1860.) It is made the duty of each assessor, on or before the 20th day of May of each year, to leave with each person residing in his town, city or ward, of full age and not a married woman or insane person, at the usual place of residence of such person, a written or printed notice, requiring him to make out and hold in readiness for the assessor, after ten days from the time of leaving the notice, a statement of the personal property which, by the act, was required to be listed for taxation ; and the notice was to be accompanied by a blank for the statement required. (Section 31.) Every person is required to list his property under oath, and have the statement ready to be delivered to the assessor, at any time on demand after ten days from the time of receiving the notice. (Section 7.) Before the 10th of June the assessor is required to call upon each person with whom he has left the notice for such statement, unless the same has been previously delivered to him. (Section 32.) From these various provisions of the law we think it clear that the liability of a party to pay his tax is fixed from the time he receives the notice, and if he afterwards changes his residence, it cannot affect this liability for that year. It is certainly very desirable and important that some definite and specific rule be adopted as to the place where a party should pay his taxes, and we can imagine none more equitable and just, or more in harmony with the language and spirit of our revenue laws, than the one above indicated. Here the appellant claims to have changed his residence on the 15th of May, by removing into the town of Roxbury in Dane county, although for years previous, and even on the 7th, when he received the notice from the assessor, he was confessedly a resident of the town of Prairie du Sac. Having received that notice before he changed his residence, he should have listed his property and paid his taxes for the year 1860 in that town.

The judgment of the circuit court is affirmed.